UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GATHA NOVIS LOGAN, JR., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHATTANOOGA, TENNESSEE, ) <br> ) <br> *Defendant*. ) | Case No.: 1:19-cv-182 <br><br> Judge Curtis L. Collier |

# **M E M O R A N D U M**

On August 5, 2019, United States Magistrate Judge Susan K. Lee issued a report and recommendation ("R&R"), recommending Plaintiff's complaint be dismissed with prejudice. (Doc. 6.) Plaintiff timely filed an objection. (Doc. 7.)

## I. **STANDARD OF REVIEW**

This Court must conduct a *de novo* review of the portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## II. **DISCUSSION**

Judge Lee found Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 6.) Judge Lee explains that Plaintiff is essentially seeking the same relief he has previously sought from the Court, to be relieved from his conservatorship. (*Id.*) Plaintiff has also raised "illogical accusations" against Defendant City of Chattanooga. (*Id.*) The Court's review of Plaintiff's complaint yields similar concerns regarding the claims alleged against Defendant City of Chattanooga. The Complaint only requests relief from his conservatorship, but attached are two police incident reports and a document detailing an alleged home invasion history. (Doc. 2.) Even

with the attachments, there are no factual allegations directed specifically towards Defendant City of Chattanooga or legal causes of action alleged. (*Id.*) In addition, Plaintiff's response (Doc. 7) does not raise any objections to that portion of the R&R. The Court thus accepts the portions of the R&R related to the failure to state a claim against Defendant City of Chattanooga.

Plaintiff's response to the R&R appears to focus on his request for relief from his conservatorship. (Doc. 7.) Specifically, Plaintiff alleges money has been embezzled from his bank account, surveillance equipment has been installed in his home, and he has received unwanted phone calls. (*Id.*) Plaintiff has sought relief from his conservatorship on two prior occasions. *See Logan v. B. Steward Jenkins & Assoc., et al.*, Case No. 1:06-cv-124 (E.D. Tenn. 2006); *Logan v. Jenkins, Habenicth & Woods*, Case No. 1:11-cv-257 (E.D. Tenn. 2011). In both cases the Court dismissed the case upon finding Plaintiff was incompetent and thus lacked the capacity to bring suit. (*Id.*) Plaintiff has not offered any evidence to suggest he is now competent to handle his financial affairs or have standing to file suit under Tennessee law. *See* Tenn. Code Ann. § 34-3-108. As a result, the Court also agrees with the R&R's disposition of Plaintiff's request for relief from his conservatorship.

Finally, Judge Lee recommends referring Plaintiff to Chief Judge Pamela L. Reeves for consideration of possible injunctive measures pursuant to Standing Order 18-04. (Doc. 6.) Standing Order 18-04 directs district judges to "refer litigants with a history of repetitive, vexatious, or frivolous litigation to the chief judge to determine whether an injunction is appropriate." As Judge Lee notes, Plaintiff has filed at least four other cases in this district, all of which were dismissed. *See Logan v. Law Firm of Jenkins & Hambenicht, PLLC*, Case No. 1:15-cv-305 (E.D. Tenn. 2015) (dismissed for lack of subject matter jurisdiction); *Logan v. Carta-Care-A-Van*, Case No. 1:15-cv-303 (E.D. Tenn. 2015) (dismissed for failure to state a claim); *Gatha*

*Novis Logan*, Case No. 1:11-cv-257 (dismissed upon finding Plaintiff was incompetent and thus lacked capacity to bring suit); *Gatha Novis Logan*, Case No. 1:06-cv-124 (dismissed upon finding Plaintiff was incompetent and thus lacked capacity to bring suit). As mentioned above, two of those cases raised the same request for relief of conservatorship sought here. The Court thus agrees with the magistrate judge's conclusion that Plaintiff's frequent filings qualify him for referral to Chief Judge Reeves.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's objection (Doc. 7) is **OVERRULED**. The Court will **ACCEPT** and **ADOPT** the R&R (Doc. 6). Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Further, the Court will **REFER** Plaintiff to Chief Judge Reeves for consideration of whether injunctive measures are appropriate pursuant to Standing Order 18-04.

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**